■ HERZL RAGINS, M.D., Respondent, v HOSPITALS INSURANCE COMPANY, INC., et al., Appellants. [986 NYS2d 344]—

In an action to recover damages for breach of contract and, in effect, for a judgment declaring that the defendants are obligated under a certain insurance policy to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with an underlying action entitled *Villanueva v Kahn*, commenced in the Supreme Court, Bronx County, under index No. 21290/00, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered June 24, 2011, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the subject insurance policy and for a judgment declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action. By decision and order dated June 13, 2012, this Court reversed the order of the Supreme Court, Westchester County, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the subject insurance policy and for a judgment declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action, and remitted the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendants are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action (*see Ragins v Hospitals Ins. Co., Inc.*, 96 AD3d 819 [2012]). In an opinion dated December 17, 2013, the Court of Appeals reversed the decision and order of this Court, and remitted the matter to this Court "for consideration of issues raised but not determined on the appeal to [this] court" (*Ragins v Hospitals Ins. Co., Inc.*, 22 NY3d 1019, 1024 [2013]). Justice Dillon has been substituted for former Justice Belen (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the order of the Supreme Court is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendants are obligated under the subject insurance policy to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with an underlying action entitled *Villanueva v Kahn*, com-

menced in the Supreme Court, Bronx County, under index No. 21290/00.

The plaintiff commenced this action against the defendants, which had issued an Excess Professional Liability Policy (hereinafter the excess policy) to the plaintiff. The plaintiff alleged, among other things, that the defendants breached the excess policy by failing to indemnify him for costs and the remaining amount of unpaid interest arising out of an amended judgment entered against him in an underlying action entitled *Villanueva v Kahn*, commenced in the Supreme Court, Bronx County, under index No. 21290/00. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the excess policy and for a judgment declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action. The Supreme Court, among other things, denied those branches of the motion.

On appeal, this Court agreed with the defendants' contentions that they were only responsible for prejudgment interest on that portion of the underlying judgment which they were obligated to pay under the excess policy, and that the excess policy conclusively established that the defendants had no obligation to pay postjudgment interest or costs (*see Ragins v Hospitals Ins. Co., Inc.*, 96 AD3d 819 [2012]).

The Court of Appeals reversed this Court's decision and order, concluding that, under the plain language of the primary and excess policies, the "payment [by the Superintendent of the Insurance of the State of New York] of the primary policy's $1,000,000 liability limit triggered [the defendants'] duty to pay all remaining amounts in connection with the judgment, including interest" (*Ragins v Hospitals Ins. Co.*, 22 NY3d at 1021). The Court of Appeals also found, among other things, that the "plaintiff does not impermissibly seek to have [the defendants] 'drop down' to fulfill any duty which otherwise would fall to the primary insurer if that insurer were still a going concern" (*id.* at 1023). It remitted the case to this Court "for consideration of issues raised but not determined on the appeal to [this Court]" (*id.* at 1024).

Inasmuch as the Court of Appeals expressly rejected the defendants' argument that the plaintiff was improperly attempting to hold the defendants responsible for amounts that the plaintiff's primary insurer would have been required to cover but for its insolvency, it has, in effect, rendered academic the remaining contentions raised by the parties on the appeal to

this Court. Therefore, the order of the Supreme Court must be affirmed insofar as reviewed (*see Matter of Emrey Props., Inc. v Baranello*, 76 AD3d 1064, 1066-1067 [2010]), and the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendants are obligated under the subject insurance policy to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Dillon, Leventhal and Roman, JJ., concur.